Tukney, J.,
delivered the opinion of the court.
The record shows that, on the calling of this cause for trial, the plaintiff in error moved the court that a new panel of jurors be ordered,—
“ Because the jury to try this case is the same jury, with the exception of two jurors, that tried the case of Hammond against defendant, and that of Hodges against defendant; and the greater part of the proof in this case, as appears from the depositions-filed, was taken in this case, as well as in the said cases of Hodges and Hammond, in which the jury now to be empannelled, with the exception, as stated,, of two jurors, have heretofore rendered verdicts.”
This motion was in writing. The truth of its statements is not seriously controverted, but is admitted in effect in the argument.
The court overruled the motion, and had the jury sworn. This was error. The true rule is laid down in Waterman on Hew Trials, vol. 2, p. 427, in this-language:—
“ It is undoubtedly true that a jury which has-heard the evidence in the case in the same or a similar trial, is incompetent. The reason is obvious: each trial must depend on its own merits. The affirmative proof must first be introduced, and a clear case be made out against the defendant, before he can be called upon to respond. He is not to rebut any thing that may have been brought against him on the former trial. He is only to look to the present. But if jurors who have previously sat and heard the evi- *264 deuce, be again empannelled in the same or a similar case, their minds are imbued with the testimony heretofore given, and they try the defendant on that.
“ In short, they have already prejudged the ease, and so far as they are concerned, the formalities of a trial are nugatory.”
Moreover, the charge of the court was calculated to impress it upon the jury that although the intestate might have parted with his cotton freely and voluntarily, still if he did so under the mistaken opinion that this was a legal duty, his representative might recover its value in this action. This also was error.
This is not a case in which ignorance of law will •excuse. Besides, to submit to a jury the question, What was the legal opinion of the intestate at the time and under the circumstances of this transaction ? would be to invite them to launch out into speculation.
Various other objections are made to the charge • of the court, which we deem it unnecessary to notice in this opinion, as they have in the main, since the charge was delivered, been settled in other cases determined by this court.
The competency of the witness, O. N. Lusby, in the form in which it was presented, will be immaterial upon another trial, as recent legislation has changed its complection.
Reverse the judgment.